UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENERAL DEVICES CO., INC. and WILLIAM GREENWALD, <br><br> Plaintiffs, <br><br> vs. <br><br> DELL COMPUTER CORPORATION and DELL PRODUCTS, L.P. <br> Defendants. | Civil Action No. <br><br> 1:04-cv-1099-DFH-TAB |

# COMPLAINT AND DEMAND FOR JURY TRIAL

For their Complaint and Demand for Jury Trial against the defendants Dell Computer Corporation ("Dell") and Dell Products L.P. ("Dell LP"), General Devices Co., Inc. ("General Devices") and William Greenwald ("Greenwald"), plaintiffs, state as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### Parties, Jurisdiction and Venue

1. General Devices is an Indiana corporation, with its principal place of business in Indianapolis, Indiana. It manufactures and sells electronics packaging hardware.

2. Greenwald is an employee of General Devices. As a General Devices employee, Greenwald has an obligation to assign to General Devices any and all rights in any inventions created in whole or part by him during the scope of his employment.

3. On information and belief, Dell is a corporation organized under the laws of the State of Delaware with its principal place of business in Round Rock, Texas. Dell develops,

manufactures and markets products relating to computer electronics, including electronic packaging hardware.

4. On information and belief, Dell LP is a limited partnership organized under the laws of the State of Texas and has its principal place of business in Round Rock, Texas. On information and belief, Dell LP is composed of partners that are wholly owned subsidiaries of Dell.

5. The current dispute arises under Federal patent law, 35 U.S.C. § 256, as well as Indiana state law.

6. The amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

7. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

8. Dell and Dell LP have conducted business in Indiana and caused injury in Indiana by appropriating property located in Indiana, as well as marketing products on a systematic basis in Indiana, and are therefore subject to personal jurisdiction in Indiana.

9. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391 (b) and (c).

## The Inventions

10. On July 23, 2002, United States Patent No. 6,422,399 ("the '399 Patent") (attached as Exhibit A) was issued and then assigned to Dell LP, relating to a Rack System and method having tool-less releasable arm assembly.

11. The '399 Patent includes at least one claim that includes an inventive contribution made by William Greenwald, but it does not identify Mr. Greenwald as an inventor.

12. In 1999 and 2000 Mr. Greenwald collaborated with employees of Dell and/or Dell LP with respect to the project and designs that led to the '399 Patent. General Devices and Mr. Greenwald had no contract with Dell, Dell LP or either defendant's employees that gave Dell or Dell LP the rights to any inventions arising out of those collaborative efforts.

13. On information and belief, Dell and Dell LP used Mr. Greenwald's inventive contributions to obtain the '399 Patent, to seek or obtain licenses under the '399 Patent, and to develop, manufacture and sell products embodying one or more claims of the '399 Patent, all without notice to or compensation to Mr. Greenwald or General Devices.

14. On December 2, 2003, United States Patent No. 6,655,534 ("the '534 Patent)(attached as Exhibit B) was issued and then assigned to Dell LP, directed to an apparatus and method relating to a configurable rack rail system for dual mount configurations.

15. The '534 Patent includes at least one claim that includes an inventive contribution made by William Greenwald, but it does not identify Mr. Greenwald as an inventor.

16. In 1999 and 2000 Mr. Greenwald collaborated with employees of Dell and/or Dell LP with respect to the project and designs that led to the '534 Patent. General Devices and Mr. Greenwald had no contract with Dell, Dell LP or either defendant's employees that gave Dell or Dell LP the rights to any inventions arising out of those collaborative efforts.

17. On information and belief, Dell and Dell LP used Mr. Greenwald's inventive contributions to obtain the '534 Patent, to seek or obtain licenses under the '534 Patent, and to develop, manufacture and sell products embodying one or more claims of the '534 Patent, all without notice to or compensation to Mr. Greenwald or General Devices.

**Count I**
**Declaration of Inventorship**

18. General Devices and Mr. Greenwald incorporate by reference paragraphs 1- 16.

3

19. By virtue of his collaboration and inventive contributions, Mr. Greenwald should have been named as an inventor on the '399 Patent, as well as any related international, continuation or divisional applications on the same subject matter.

20. The omission of Mr. Greenwald from the '399 Patent arose with out any deceptive intent on the part of Mr. Greenwald.

21. Pursuant to Mr. Greenwald's employment with General Devices, General Devices is entitled to assignment of any and all rights Mr. Greenwald enjoys as an inventor of the '399 Patent.

22. Mr. Greenwald and General Devices are entitled to a determination that Mr. Greenwald is an inventor on the '399 Patent.

23. By virtue of his collaboration and inventive contributions, Mr. Greenwald should have been named as an inventor on the '534 Patent, as well as any related international, continuation or divisional applications on the same subject matter.

24. The omission of Mr. Greenwald from the '534 Patent arose with out any deceptive intent on the part of Mr. Greenwald.

25. Pursuant to Mr. Greenwald's employment with General Devices, General Devices is entitled to assignment of any and all rights Mr. Greenwald enjoys as an inventor of the '534 Patent.

26. Mr. Greenwald and General Devices are entitled to a determination that Mr. Greenwald is an inventor on the '534 Patent.

## Count II
## Unjust Enrichment

27. General Devices and Mr. Greenwald incorporate by reference paragraphs 1-26.

4

28. Through its employee, Mr. Greenwald, General Devices provided Dell and Dell LP with valuable design input in furtherance of the development of the '399 Patent and Dell's products embodying one or more claims of the '399 Patent.

29. Dell and Dell LP have made use of this design input in obtaining the '399 Patent and developing commercial products that provide significant value to Dell and Dell LP, including, but not limited, the right to exclude others from using the patented technology and/or discouraging others from developing competing products.

30. Had Dell or Dell LP recognized Mr. Greenwald as an inventor on the '399 Patent at the time the application was filed, General Devices could have exploited its ownership interest, either by exclusively licensing Dell or Dell LP or by licensing others, including Dell and Dell LP competitors.

31. By not earlier recognizing Mr. Greenwald's inventive contributions, Dell and Dell LP have made it difficult, if not impossible, for General Devices to realize value for the '399 Patent now and Dell and Dell LP have therefore appropriated to themselves the value of that Patent.

32. Dell and Dell LP's retention of the benefits of Mr. Greenwald's work and, including but not limited to, Dell LP's claims to the sole ownership of the '399 Patent, without compensation to General Devices, is unjust and deserving of compensation.

33. Through its employee, Mr. Greenwald, General Devices provided Dell and Dell LP with valuable design input in furtherance of the development of the '534 Patent and Dell's products embodying one or more claims of the '534 Patent.

34. Dell and Dell LP have made use of this design input in obtaining the '534 Patent and developing commercial products that provide significant value to Dell and Dell LP,

including, but not limited, the right to exclude others from using the patented technology and/or discouraging others from developing competing products.

35. Had Dell or Dell LP recognized Mr. Greenwald as an inventor on the '534 Patent at the time the application was filed, General Devices could have exploited its ownership interest, either by exclusively licensing Dell or Dell LP or by licensing others, including Dell and Dell LP competitors.

36. By not earlier recognizing Mr. Greenwald's inventive contributions, Dell and Dell LP have made it difficult, if not impossible, for General Devices to realize value for the '534 Patent now and Dell and Dell LP have therefore appropriated to themselves the value of that Patent.

37. Dell and Dell LP's retention of the benefits of Mr. Greenwald's work and, including but not limited to, Dell LP's claims to the sole ownership of the '534 Patent, without compensation to General Devices, is unjust and deserving of compensation

## Count III
## Civil Conversion

38. General Devices and Mr. Greenwald incorporate by references paragraphs 1-36.

39. Through its conduct and the acts of its employees and agents, Dell and Dell LP have appropriated the personal property of General Devices and Mr. Greenwald for Dell and Dell LP's own use and benefit, including, but not limited to, using this personal property to secure the '399 Patent and the '534 Patent.

40. Moreover, as the '399 Patent and the '534 Patent should have named Mr. Greenwald as an inventor, and vested title in General Devices, with the right to exploit the '399 Patent and the '534 Patent, or license others to do so, Dell LP has appropriated the personal

6

property of General Devices in the ownership of the '399 and '534 Patents for Dell LP's own use and benefit.

41. Through its conduct and acts of its employees and agents, Dell and Dell LP have exercised dominion over the personal property of General Devices and Mr. Greenwald in exclusion and defiance of the rights of General Devices and Mr. Greenwald, including but not limited to using this personal property to secure the '399 Patent and the '534 Patent, and using the resulting patents to exclude others from the use of the inventions covered by the patents in exclusion and defiance of General Devices' rights of ownership.

42. Through its conduct and acts of its employees and agents, Dell and Dell LP have withheld the personal property of General Devices and Mr. Greenwald under a claim and title inconsistent with the rights of General Devices and Mr. Greenwald, including but not limited to using this personal property to secure the '399 Patent and the '534 Patent, and using the resulting patents to exclude others from use of the inventions covered by the Patent in exclusion and defiance of General Devices' rights of ownership.

43. These acts of conversion have caused damage to General Devices and Mr. Greenwald in an amount to be determined at trial.

**WHEREFORE**, General Devices and Mr. Greenwald respectfully request the following relief:

1. That the Court declare William Greenwald to be at least a joint inventor on the '399 Patent, as well as any related international, continuation or divisional applications on the same subject matter;

2. That the Court enter an order mandating that the '399 Patent, as well as any related international, continuation or divisional applications on the same subject matter, be corrected to reflect Mr. Greenwald as an inventor;

3. That the Court declare General Devices the assignee and owner of the '399 Patent, as well as any related international, continuation or divisional applications on the same subject matter;

4. That the Court enter an order mandating that the '399 Patent, as well as any related international, continuation or divisional applications on the same subject matter, be corrected to reflect General Devices as the assignee and owner;

5. That the Court declare William Greenwald to be at least a joint inventor on the '534 Patent, as well as any related international, continuation or divisional applications on the same subject matter;

6. That the Court enter an order mandating that the '534 Patent, as well as any related international, continuation or divisional applications on the same subject matter, be corrected to reflect Mr. Greenwald as an inventor;

7. That the Court declare General Devices the assignee and owner of the '534 Patent, as well as any related international, continuation or divisional applications on the same subject matter;

8. That the Court enter an order mandating that the '534 Patent, as well as any related international, continuation or divisional applications on the same subject matter, be corrected to reflect General Devices as the assignee and owner;

9. That the Court award to General Devices and Mr. Greenwald actual damages according to proof;

10. That the Court award punitive damages for Dell and Dell LP's acts of conversion;

11. That the Court order equitable relief as may be necessary to rectify the harm to General Devices and Mr. Greenwald from Dell and Dell LP's acts of unjust enrichment, breach of contract and conversion; and

12. That the Court award pre-and post-judgment interest; and all other just and proper relief.

Respectfully submitted,

Andrew B. Dzeguze (21312-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana  46204

Daniel P. Albers (Illinois Bar No. 6185037)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois  60606-2833

Attorneys for Plaintiffs,
General Devices Co., Inc. and William Greenwald

Dated:  June 30, 2004

CHDS01 DPA 224772v1